IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY DON MASK<br>(TDCJ No. 1438762),<br><br>Plaintiff,<br><br>V.<br><br>TRIAL COURT JUDGES, ET AL.,<br><br>Defendants. | § § § § § § § § § § § | No. 3:15-cv-3410-P-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis. Plaintiff Billy Don Mask, a Texas inmate proceeding *pro se*, has filed a motion to dismiss [Dkt. No. 6]. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should construe Plaintiff's motion as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and administratively close this action.

**Background**

This case was opened based on the complaint submitted in *Oliver v. Trial Court Judges, et al.*, No. 3:15-cv-2962-P (N.D. Tex.). A copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (the "FCR") entered in that case was previously sent to Plaintiff. The Court then accepted the FCR made in *Oliver*, entered judgment dismissing the individual claims of Plaintiff Claude J. Oliver with

prejudice, and severed the claims that Oliver appeared to submit on behalf of fellow inmates into separate actions, one for each inmate.

After this action was opened on behalf of Plaintiff on October 21, 2015, the undersigned entered a notice of deficiency and order on October 26, 2015, to inform Plaintiff that:

> This is now your individual action. You may choose to prosecute it yourself; you may choose to inform the Court that you do not wish to prosecute this action; or you may choose to do nothing, and the Court will dismiss your action without prejudice for failure to prosecute.
> If you choose to prosecute this action yourself, you must do the following by **November 30, 2015**: (1) submit a signed complaint and (2) submit a request to proceed *in forma pauperis* ("IFP") containing sufficient information to determine wether IFP status is appropriate along with a verified/signed certificate of inmate trust account. The Clerk of Court will provide you both forms along with this order. If you elect to prosecute this action by submitting a signed complaint and IFP motion, you will be responsible for paying the full filing fee even if you later choose to voluntarily dismiss this action. *See, e.g., Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam).
> If you choose not to prosecute this action yourself, you may submit a notice to the Court by **November 30, 2015** stating so. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Or you may do nothing. If you do nothing, the undersigned magistrate judge will recommend that your action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 5 at 1-2.

On November 5, 2015, the Court received and docketed Plaintiff's motion to dismiss [Dkt. No. 6], in which he states "I do not wish to prosecute this action. Thus under (Federal Rules of Civil Procedure 41(a) voluntary), voluntarily ask that the court to dismiss the case, without prejudice, or whatever deems the Court fitting." *Id.* at 1.

**Legal Standards and Analysis**

A notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) is self-executing. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); *see also Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing"); *Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 411 (S.D. Tex. 2011) ("Although styled a 'motion to dismiss,' Plaintiff's ... filing had the effect of a Rule 41(a)(1) notice of dismissal as to any defendants who had not yet served either an answer or a motion for summary judgment." (citing *Matthews*, 902 F.2d at 880)); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976) ("At the time plaintiffs filed their motion to dismiss the case was effectively terminated.").

Courts have applied Rule 41(a)(1)(A)(i) to notices filed by prisoners proceeding *pro se. See, e.g., Robinson v. Vasque*, No. 1:07-cv-1177-AWI WMW, 2008 WL 2312795 (E.D. Cal. June 5, 2008), *rec. adopted*, 2008 WL 2915082 (E.D. Cal. July 25, 2008); *Schoultz v. United States*, Cr. No. 8:07-cr-01472-GRA-1 & C/A No. 8:13-cv-03140-GRA, 2015 WL 1057017 (D.S.C. Mar. 9, 2015).

And the period of time for filing objections to this recommendation allows Plaintiff sufficient time – should he object to this interpretation of his rather clear motion/notice – to inform the Court in writing that he wishes to continue to prosecute this action.

## Recommendation

The Court should construe Plaintiff's motion as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and administratively close this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE